IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

JOYCE GARNER, as personal
Administratrix of the ESTATE OF
JAMES LARRY GARNER                                                                    PLAINTIFF

v.                             CASE NO. 2:07-CV-00149 BSM

UNITED STATES OF AMERICA                                                              DEFENDANT

**ORDER**

Presently before the court is defendant's motion for partial summary judgment and motion in limine to preclude introduction of certain evidence.

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).

The parties agree that Tennessee law applies to this action. *See* 28 U.S.C. § 1346(b); *Mandel v. United States*, 793 F.2d 964, 968 (8th Cir. 1986). The Tennessee statute governing wrongful death actions allows for the recovery of two classifications of damages:

> Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided for by §§ 20-5-107, the party suing shall, if entitled to damages, have the right to recover for the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.

Tenn. Code Ann. § 20-5-113. "The first classification permits recovery for injuries sustained by the deceased from the time of injury to the time of death[,]" and "include medical expenses, physical and mental pain and suffering, funeral expenses, lost wages, and loss of earning capacity." *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 600 (1999). "The second classification of damages permits recovery of incidental damages suffered by the decedent's next of kin[,]" and "include the pecuniary value of the decedent's life." *Id*.

"Pecuniary value has been judicially defined to include 'the expectancy of life, the age, condition of health and strength, capacity for labor and earning money through skill, any art, trade profession and occupation or business, and personal habits as to sobriety and industry.'" *Id*. (quoting *Spencer v. A-1 Crane Service, Inc.*, 880 S.W.2d 938, 943 (Tenn. 1994)). "Pecuniary value also takes into account the decedent's probably living expenses had the decedent lived." *Id*. "[C]onsortium-type damages may be considered when calculating the pecuniary value of a deceased's life." *Id*. at 601. "Loss of consortium consists of several elements, encompassing not only tangible services provided by a family member, but also intangible benefits each family member receives from the continued existence of other family members." *Id*. at 602. "Such benefits include attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations." *Id*.

Defendant seeks partial summary judgment as to plaintiff's claims for hedonic damages and for family grief damages. Defendant also requests that the court instruct plaintiff not to present evidence of these damages at trial.

Plaintiff concedes that hedonic damages and damages for the mental anguish of the surviving family members are not recoverable under Tennessee law. *See Thurmon v. Sellers*, 62 S.W.3d 145, 165 (Tenn. Ct. App. 2001) (holding that recovery may not be had for the grief and mental anguish suffered by the parents of the deceased child because such loss is not monetary in nature); *Spencer*, 880 S.W.2d at 943 (holding that hedonic damages are not recoverable under the statute governing damages allowable in wrongful death actions). Plaintiff notes that defendant acknowledges that she is entitled to recover damages for the decedent's lost wages, medical expenses, pain and suffering, mental anguish, funeral expenses, lost earning capacity, and all other appropriate compensatory damages. Plaintiff asserts, however, that the family is entitled to recover all incidental damages, including pecuniary damages, consortium damages, and "expectancy of life" damages. Plaintiff also asserts that defendant improperly attempts to limit damages to economic damages and to exclude evidence to prevent recovery for the aforementioned damages.

Defendant does not deny in its brief that loss of consortium damages of the decedent's spouse and adult children may be recoverable as an element of the pecuniary value of the decedent's life. *See* defendant's brief, p. 7. The parties do not directly address the issue, but the court notes that the Tennessee Court of Appeals has stated that "[w]hether Tennessee

recognizes an adult sibling's loss of consortium claim remains unclear." *Bell v. Todd*, 206 S.W.3d 86 (Tenn. Ct. App. 2005) (citing *Rains v. Ben of the River*, 124 S.W.3d 580, 598 (Tenn. Ct. App. 2003) ("[I]t is unlikely that Tennessee law would permit Mr. Rains's siblings to recover damages for loss of sibling consortium.")).

Plaintiff also argues that she is entitled to recover "expectancy of life" damages, which she attempts to equate to "loss of life" damages under Arkansas law. She asserts that the Tennessee Supreme Court in *Spencer* recognized a distinction between hedonic damages (i.e. the loss of enjoyment of life) and non-hedonic damages which have long been awarded under Tennessee law (i.e. the 'expectancy of life' damages). It is true that the Arkansas Supreme Court recognized a distinction between "loss of enjoyment of life" and "loss of life" in *Durham v. Marbury*, 356 Ark. 481, 156 S.W.3d 342 (2004). *See also One Nat'l Bank v. Pope*, 372 Ark. 208 (2008) (noting that "loss of enjoyment of life" contemplates "damages for loss of the enjoyment of life that are pre-death," while "loss of life" damages "only begin accruing at the point when life is lost, at death[.]"). Plaintiff, however, provides an incomplete quotation from *Spencer* in an attempt to remove the context within which "expectancy of life" is listed as a consideration in determining the pecuniary value of the life of the deceased. The Tennessee Supreme Court in *Spencer* stated:

> The recovery for wrongful death in Tennessee has long been based upon the pecuniary value of the life of the deceased, which is to be determined upon consideration of the expectancy of life, the age, condition of health and strength, capacity for labor and for earning money through skill, any art, trade, profession, occupation or business, and personal habits as to sobriety and industry.

880 S.W.2d at 943. In context, it is clear that the "expectancy of life" refers only to the "period that a person of a given age and sex is expected to live . . .," which is one consideration in determining pecuniary damages; it does not refer to a separate form of damages. *See* Black's Law Dictionary (8th ed. 2004) (defining "life expectancy," also termed "expectation of life").

Furthermore, even if the court were to accept that "expectancy of life" damages are a separate form of damages and equate to Arkansas "loss of life" damages, the court in *Durham* clearly stated that "damages for 'loss of life,' and 'loss of enjoyment of life' are both hedonic." 356 Ark. at 491, 156 S.W.3d at 247. In holding that hedonic damages were not recoverable in actions pursued under the Tennessee wrongful death statutes, the *Spencer* Court stated, "allowing claims for hedonic damages would be contrary to the statute and well-established precedent." 880 S.W.2d at 943. *See also McMullin v. United States*, 515 F. Supp. 2d 914, 923 (E.D. Ark. 2007) (citing Ali M. Brady, Note, *The Measure of Life: Determining the Value of Lost Years after* Durham v. Marberry, 59 Ark. L. Rev. at 125 n.4 (2006)) ("It appears that only Connecticut, Hawaii, New Hampshire, New Mexico, and Arkansas allow for the recovery by the decedent's estate of loss-of-life damages incurred after death."). Therefore, plaintiff's arguments are without merit.

Defendant also seeks an instruction from the court prohibiting plaintiff from presenting evidence of hedonic damages and damages for the mental anguish of the surviving family members. Although plaintiff should not present any evidence that is solely related to

proving these damages, it is possible that some evidence may be relevant both to these types of damages as well as other elements of damages, such as consortium-type damages. The court will address objections to such evidence as they are made.

Accordingly, defendant's motion for partial summary judgment and motion in limine to preclude introduction of certain evidence (Doc. No. 23) is granted as stated herein.

IT IS SO ORDERED THIS 8th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE