**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**JOYCE GARNER, as personal
Administratrix of the ESTATE OF
JAMES LARRY GARNER**                                                                                   **PLAINTIFF**

v.                                   **CASE NO. 2:07-CV-00149 BSM**

**UNITED STATES OF AMERICA**                                                                         **DEFENDANT**

**ORDER**

Presently before the court is defendant's motion in limine to preclude certain testimony of Dr. Stan V. Smith.

Tennessee law "permits recovery of incidental damages suffered by the decedent's next of kin[,]" including "the pecuniary value of the decedent's life." *Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 600 (1999). Additionally, the Tennessee Supreme Court in *Spencer v. A-1 Crane Service, Inc.*, 880 S.W.2d 938, 943 (Tenn. 1994), stated:

> The recovery for wrongful death in Tennessee has long been based upon the pecuniary value of the life of the deceased, which is to be determined upon consideration of the expectancy of life, the age, condition of health and strength, capacity for labor and for earning money through skill, any art, trade, profession, occupation or business, and personal habits as to sobriety and industry.

"Pecuniary value also takes into account the decedent's probable living expenses had the decedent lived." *Jordan*, 984 S.W.2d at 600. "[C]onsortium-type damages may be considered when calculating the pecuniary value of a deceased's life." *Id.* at 601. "Loss of consortium consists of several elements, encompassing not only tangible services provided by a family member, but also intangible benefits each family member receives from the

continued existence of other family members." *Id*. at 602. "Such benefits include attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations." *Id*. The Court also stated, "An individual family member has value to others as part of a functioning social and economic unit. This value necessarily includes the value of mutual society and protection, i.e., human companionship." *Id*. at 600.

In a previous order, the court noted that plaintiff concedes that hedonic damages and damages for the mental anguish of the surviving family members are not recoverable under Tennessee law. *See Thurmon v. Sellers*, 62 S.W.3d 145, 165 (Tenn. Ct. App. 2001) (holding that recovery may not be had for the grief and mental anguish suffered by the parents of the deceased child because such loss is not monetary in nature); *Spencer*, 880 S.W.2d at 943 (holding that hedonic damages are not recoverable under the statute governing damages allowable in wrongful death actions). The court held, "Although plaintiff should not present any evidence that is solely related to proving [hedonic damages and damages for the mental anguish of the surviving family members], it is possible that some evidence may be relevant both to these types of damages as well as other elements of damages, such as consortium-type damages. The court will address objections to such evidence as they are made."

In its motion in limine, the government asserts that the portions of Dr. Stan V. Smith's testimony concerning Section III of his expert report, which discusses the financial value of loss of society and relationship, is actually testimony of hedonic and grief damages suffered by Mr. Garner's family. The government states that Dr. Smith reasons that the damage

testimony he is to give is not hedonic in nature because "hedonic damages would be the losses to Mr. Garner, his own loss of enjoyment," while he has calculated "the loss of society and relationship that the children and wife lost." The government also notes Dr. Smith's use of the phrase "their future life enjoyment." For example, Dr. Smith states:

> In this category, we are looking for the loss of society and relationship for survivors, that society is a portion of their future life enjoyment. So if we look at an estimate of the total amount that a person may place on their future life enjoyment and subtract out some component or value, some percentage of that as the value related to the close family loved one.

The government also asserts that plaintiff is also seeking damages for the mental anguish of the surviving family members, although Dr. Smith characterizes them as damages for loss of love and affection. The government notes that Dr. Smith testified, "I am testifying that I intended to represent the loss of love and affection. I think grief is what you experience if you lose the love and affection."

Plaintiff asserts that the government's position misapplies the term "hedonic" and ignores clear Tennessee law, which allows the surviving spouse and children to recover both tangible and intangible benefits, including consortium damages. Although plaintiff admits that the experience of grief and loss of love and affection are "interrelated," she asserts that the government attempts to enlarge the definition of "hedonic" and "grief" damages to eliminate recovery for consortium damages. Plaintiff acknowledges that the court will utilize not only Dr. Smith's calculations, but also similar verdict decisions and the court's personal

3

observations of the testimony of the Garner family, as a basis to determine the appropriate amount of damages in this case.

The court will exclude Dr. Smith's testimony on page 60, line 20, through page 63, line 16, as that testimony clearly provides an opinion as to the "damages for the loss of enjoyment of life or the lost value of life." The objections to the remaining testimony of Dr. Smith are overruled. The Tennessee Supreme Court has indicated that hedonic damages and damages for loss of enjoyment of life are equivalent. *See Jordan*, 984 S.W.2d at 595. *See also Spencer*, 880 S.W.2d at 943 (noting that plaintiffs defined "hedonic damages" as "the value of the pleasure, the satisfaction or the utility that human beings derive from life, separate and apart from labor or earnings value of life"). Although Tennessee law does not allow for the recovery of hedonic damages, it does allow the consideration of the intangible benefits each family member receives from the continued existence of the deceased, such attention, guidance, care, protection, training, companionship, cooperation, affection, love, and in the case of a spouse, sexual relations when calculating the pecuniary value of a deceased's life. While hedonic damages and consortium-type damages overlap in many respects and may be calculated by economists using some of the same factors, the court cannot say that they are one in the same because the Tennessee Supreme Court clearly makes a distinction between the two. The same is true for damages for the mental anguish of the surviving family members versus damages for loss of love and affection. Thus, the court cannot say that Dr. Smith's damages testimony regarding loss of society and relationship

should be excluded. The arguments raised go to the weight and credibility of the witness, not its admissibility.

Because this is a bench trial, however, the court, as the fact-finder, has the ability to consider the appropriate testimony to reach its decision and will decline to consider testimony that solely reaches the issues of hedonic damages and damages for the mental anguish of the surviving family members.

Accordingly, defendant's motion in limine (Doc. No. 47) is granted in part, and denied in part as stated herein.

IT IS SO ORDERED THIS 27tn day of February, 2009.

                                                           /s/ Brian S. Miller
                                                           UNITED STATES DISTRICT JUDGE